# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

PAUL N. BARNES,[1]
                          Appellant,

          v.

DEPARTMENT OF THE ARMY,
                          Agency.

DOCKET NUMBER
DC-0752-13-0943-I-1

DATE: January 7, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Paul N. Barnes, Adelphi, Maryland, pro se.

Stephen W. Artymowicz, Esquire, Aberdeen Proving Ground, Maryland, for the agency.

Timothy W. Connolly, Adelphi, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *Army Research Lab Employees v. Department of the Army*, MSPB Docket No. DC-0752-14-0338-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

# FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to clarify the agency's burden of proving that the furlough was taken for cause and to address the appellant's harmful procedural error argument. Except as expressly MODIFIED by this final order, we AFFIRM the initial decision.

# BACKGROUND

¶2 On May 29, 2013, the agency proposed to furlough the appellant, a Supervisory Physicist, for no more than 11 workdays due to "the extraordinary and serious budgetary challenges facing the Department of Defense . . . for the remainder of Fiscal Year . . . 2013, the most serious of which is the sequester that began on March 1, 2013." Initial Appeal File (IAF), Tab 9 at 26, 28-29. The appellant made an official reply to the notice of proposed furlough. *Id.* at 11-18. By written notice received on July 3, 2013, the deciding official informed the appellant that he would be furloughed as outlined in the proposal notice. *Id.* at 23-25. The record includes evidence reflecting the appellant's furlough on

6 days between July 8 and September 30, 2013. *Id.* at 19-22, 26-27; Department of the Army Administrative Record for FY 2013 Furlough Appeals (AR), Tab 9 at 72, *available at* http://www.mspb.gov/furloughappeals/ army2013.htm.

¶3       The appellant filed a Board appeal challenging the agency's furlough action, and he did not request a hearing. IAF, Tab 1. In a Furlough Procedures Order, the administrative judge informed the appellant that his appeal had been consolidated with the appeals of similarly situated employees. *Army Research Lab Employees v. Department of the Army*, MSPB Docket No. DC-0752-14-0338-I-1, Consolidation Appeal File (CAF), Tab 1. Based on the written record, the administrative judge issued an initial decision that affirmed the agency's furlough action. CAF, Tab 11, Initial Decision (ID) at 1, 8.

¶4       The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency met its burden to prove that it furloughed the appellant for cause under 5 U.S.C. § 7513(a).

¶5       In his petition for review, the appellant contests the administrative judge's finding that he failed to prove that he should have been exempted from the furlough. PFR File, Tab 1 at 4. The administrative judge found in the initial decision that the appellant failed to show that he fell within a categorical exemption to the agency-wide furlough. ID at 7. We agree with the administrative judge's finding that the appellant did not fall within an exception to the furlough, but modify the initial decision to clarify that it was the agency's burden to prove that there was "cause" to furlough the appellant.

¶6       An agency may furlough an employee for 30 days or less "only for such cause as will promote the efficiency of the service." 5 U.S.C. §§ 7512(5), 7513(a); *Dye v. Department of the Army*, 121 M.S.P.R. 142, ¶ 9 (2014). An agency meets its burden of proving that a furlough promotes the efficiency of the service by showing, in general, that the furlough was a reasonable management

solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a fair and even manner.[3] *Dye*, 121 M.S.P.R. 142, ¶ 9.  Before the Board reaches the issue of whether an action promotes the efficiency of the service, however, an agency must first establish that there is "cause" under 5 U.S.C. § 7513(a).  *Id.*  The agency's burden to show "cause" for a furlough encompasses whether the appellant met the criteria established by the agency for being subject to, and not excepted from, the furlough.  *Id*.

¶7        On May 14, 2013, the Secretary of Defense issued a memorandum directing defense managers to furlough most civilian employees of the Department of Defense (DOD), such as the appellant, unless they met the criteria for one of the limited exceptions specified in the memorandum.[4]  IAF, Tab 9 at 26; AR, Tab 7 at 50-59.  The appellant argues that the Secretary's memorandum provides for exceptions "unaccounted for in the listed DoD-wide categorical exemptions." PFR File, Tab 1 at 4.  Specifically, he asserts that there is an exception for employees whose furlough "would not free up money for critical DoD mission needs."  *Id.*; AR, Tab 7 at 51-52.

¶8        We do not agree with the appellant's interpretation of the Secretary's memorandum.  In introducing the limited exceptions, the Secretary explained:

> [T]here will only be limited exceptions driven by law and by the need to minimize harm to mission execution . . . A few categories of workers will be excepted for specific mission reasons while some categories of workers

---

[3] The administrative judge correctly found that the agency showed that the furlough, which resulted from the budget sequestration in 2013, promoted the efficiency of the service.  ID at 4-8.  The appellant does not challenge this well-reasoned finding on review, and we decline to disturb it here.  *See generally Lopez v. Department of the Navy*, 121 M.S.P.R. 647, ¶¶ 4, 15-16 (2014) (affirming an administrative judge's determination that furloughs were a reasonable management solution to the financial restrictions resulting from sequestration).

[4] The initial decision and the parties also refer to these categorical exceptions as "exemptions."

will be excepted because furloughing them would not free up money for critical DoD mission needs.

AR, Tab 7 at 51-52. Thus, we find that the language cited by the appellant was to explain why some of the limited exceptions were made, not to create an additional exception.[5] *Id.* The appellant does not argue that he qualified for one of the limited exceptions and we find that the deciding official properly determined that he did not fall within an exception. *Id.* at 53-57; IAF, Tab 9 at 23-25, 28. Therefore, we find that the agency proved that "cause" existed to furlough the appellant.

<u>The appellant did not meet his burden to prove that the agency committed harmful procedural error.</u>

¶9      Next, the appellant contends that the administrative judge failed to address his argument that the agency improperly transferred work from furloughed civilian employees to contractors in violation of the agency's policy. PFR File, Tab 1 at 4; IAF, Tab 2 at 3-4. We modify the initial decision to address this argument, which the administrative judge did not discuss. An appellant bears the burden of proving an affirmative defense by a preponderance of the evidence.[6] 5 C.F.R. § 1201.56(b)(1) (2015). The appellant cites to the agency's memorandum dated May 17, 2013, for the agency's policy that "[o]rganizations may not transfer any work from Army civilians to contractors . . . to offset federal

---

[5] The appellant argues that in *Lopez*, 121 M.S.P.R. 647, we acknowledged the existence of exceptions not specifically listed in the Secretary's memorandum. We disagree. In *Lopez*, 121 M.S.P.R. 647, ¶ 11, the Board found that the limited exception for employees "necessary to protect safety of life and property" was qualified by the phrase "to the extent necessary." AR, Tab 7 at 53. The Board further noted that the administrative judge found that it was reasonable for a DOD agency to except from the furlough certain staff necessary to support Navy shipyards, one of the functions that was the subject of another categorical exception. *Lopez*, 121 M.S.P.R. 647, ¶ 6; AR, Tab 7 at 53. The Board did not recognize exceptions beyond those specified in the Secretary's memorandum, and we decline to do so here.

[6] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

employee absence due to furlough." PFR File, Tab 1 at 4; AR, Tab 9 at 65. However, the appellant has not provided any evidence to prove that the agency transferred work from civilian employees to contractors. Further, even assuming that the agency violated its policy, the appellant has not proven that the violation was harmful to him. *See Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 10 (2015) (finding that a procedural error is harmful where the record shows that the error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error); 5 C.F.R. § 1201.4(r). Therefore, we find that the appellant has not proven the agency's harmful violation of its own policy in implementing the furlough.

¶10    After considering the appellant's arguments on review, we decline to disturb the initial decision and find that the administrative judge properly affirmed the agency's furlough action.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.